UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

JAMES LAMOUNT GRAHAM

Case No. 2:20cr047-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

A district court cannot grant a 18 U.S.C. § 3582(c)(1)(A) reduction unless the defendant meets three conditions: "first, that an extraordinary and compelling reason exists; second, that a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 [including that the defendant is not a danger to another person or the community]; and third, that § 3553(a) factors weigh in favor of compassionate release." United States v. Giron, 15 F.4th 1343, 1347 (11th Cir. 2021) (citing United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021)). A district court may analyze these three conditions in any order. Id.

In November 2021, a jury found Defendant guilty as to one count of conspiracy (Count I), two counts of distribution of methamphetamine (Counts II & III), and thirty-three counts of unlawful use of a communication facility (Counts X-XLII). In May 2022, Defendant appeared before the Court for sentencing. The Court calculated Defendant's offense level to be 34 and his criminal history category to be II, which produced a guideline range of 168-210 months' imprisonment. The Court sentenced Defendant to a total of 170 months' imprisonment, followed

3

by five years of supervised release. Defendant filed a direct appeal, and the Court of Appeals affirmed Defendant's sentence. In February 2024, the Court reduced Defendant's sentence from 170 months to 153 months pursuant to 18 U.S.C. § 3582(c)(2). Now, Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant identifies two things he contends qualify as extraordinary and compelling reasons warranting compassionate release: 1) his "unusually long sentence," and 2) "other reasons," including his rehabilitation efforts. See U.S.S.G. § 1B1.13(b)(5), (6).

Defendant mainly argues that he is serving an unusually long sentence. Defendant contends that, due to changes in the law, including passage of the "Youthful Individual Act," he would be serving a 97-month sentence rather than a 153-month sentence were he resentenced today. Defendant's reasoning is flawed. First, an unusually long sentence qualifies as an extraordinary and compelling reason for compassionate release only when the defendant "has served at least 10 years of the term of imprisonment." § 1B1.13(b)(6). Defendant does not meet that threshold. Second, Defendant has failed to show that a change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed were he sentenced today. Specifically, Defendant references the 2024 nonretroactive change in the law under Amendment 829, the youthful offender amendment to § 5H1.1 of the U.S. Sentencing Guidelines. However, non-retroactive amendments to the U.S. Sentencing Guidelines may not be considered when evaluating whether a defendant is serving an unusually long sentence under § 1B1.13(b)(6).

Defendant next argues that Concepcion v. United States, 597 U.S. 481 (2022), allows the Court to reduce his sentence based on his rehabilitation efforts. But "Concepcion did not hold that intervening changes in law or fact may render a defendant eligible for relief under the First Step

4

Act. Rather, Concepcion only addressed the type of information a district court may consider in deciding how to exercise its discretion in reducing the sentence of *an otherwise eligible defendant*." United States v. Harris, No. CR 119-130, 2023 WL 2562876, at *2 (S.D. Ga. Mar. 17, 2023), appeal dismissed, No. 23-10979-B, 2023 WL 6230398 (11th Cir. Sept. 11, 2023). Defendant, however, is not eligible for a sentence reduction under the First Step Act because he was charged, convicted, and sentenced after August 3, 2010. See Concepcion, 597 U.S. at 505 ("First Step Act sentence-modification proceedings are available only for offenders who were sentenced before August 3, 2010." (Kavanaugh, J., dissenting)); United States v. Jones, 962 F.3d 1290, 1303 (11th Cir. 2020) ("[T]he First Step Act does not permit a reduction when the Fair Sentencing Act would not have benefitted the defendant."). Further, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." § 1B1.13(d). And Defendant has presented the Court with no "other reasons" which might warrant compassionate release. § 1B1.13(b)(5), (d).

Defendant has failed to put forth an extraordinary and compelling reason warranting a sentence reduction. Accordingly, Defendant's motion must be denied.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

October **20**, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA